IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00066-MSK-CBS

GREYSTONE CONSTRUCTION, INC.
PETER J. HAMILTON,
THE BRANAN COMPANY,
CARL K. BRANAN,
MICHAEL C. BRANAN, and
AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

        Plaintiffs,

v.

NATIONAL FIRE & MARINE INSURANCE COMPANY,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR STAY
PENDING RULE 72(a) OBJECTION TO MAGISTRATE JUDGE'S
OCTOBER 9, 2007 ORDER COMPELLING RESPONSE TO INTERROGATORY**

---

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant National Fire & Marine Insurance Company's (hereinafter "National Fire") Motion for Stay Pending Rule 72(a) Objection to Magistrate Judge's October 9, 2007 Order Compelling Response to Interrogatory (doc. # 94), filed on February 29, 2008. Plaintiffs Greystone Construction, Inc. and Peter Hamilton filed their Response and Objection to Defendant's Motion for Stay (doc. # 97) on March 5, 2008, and then a Notice of Errata (doc. # 101) on March 6, 2008. National Fire moved for leave to file a Reply in Support of Defendant's Motion for Stay (doc. # 98) on March 6, 2008.[1]

---

[1] I have considered the arguments raised in Defendant National Fire's proffered Reply and will therefore grant the Motion for Leave to File Reply (doc. # 98).

Pursuant to an Order of Reference to Magistrate Judge (doc. # 4), dated January 26, 2007, this matter was referred the Magistrate Judge to "[h]ear and determine motions relating to discovery," as well as "[h]ear and determine such other non-dispositive motions as may be specifically referred." On March 3, 2008, the district court referred the instant Motion for Stay to me for decision. The court has reviewed the parties' briefs and attached exhibits, the entire court file, and the applicable case law. Being sufficiently advised of the parties' positions, I do not believe that oral argument would assist the court in deciding the pending motion. For the following reasons, Defendant's Motion for Stay is denied.

**FACTUAL BACKGROUND**

To place the instant motion in the proper context, a recitation of the relevant facts is appropriate. This action arises out of two separate, unrelated construction defect lawsuits. In the first underlying lawsuit, Greystone Construction, Inc. and Peter Hamilton, plaintiffs in this case, were sued by Richard and Lisa Hull in Broomfield County District Court. In the second underlying lawsuit, The Branan Company, Carl Branan and Michael Branan (collectively "the Branans"), who are also plaintiffs in this case, were sued by Douglas and Sanda Giorgetta in El Paso County District Court. Defendant National Fire issued three commercial general liability policies to Greystone Construction, Inc., and two commercial general liability policies to the Branan Company. National Fire denied coverage for the Branan claim on January 13, 2006 and denied coverage for the Greystone Construction claim on February 17, 2006. Plaintiff American Family Mutual Insurance Company also issued liability policies to Greystone Construction and The Branan Company, and accepted the defense of each claim in the respective construction defect lawsuits.

Plaintiffs filed their Complaint on January 11, 2007, asserting five claims for relief. The first claim, brought on behalf of all plaintiffs, seeks a declaratory judgment recognising that National Fire has a duty to defend in the underlying actions and a duty to share with American Family Mutual Insurance Company in the defense of those state actions on a pro rata basis. The second claim, brought on behalf of American Family, asserts a right to contribution and/or subrogation for amounts paid in the defense of the Hull and Giorgetta lawsuits. The third and fourth claims by Greystone Construction, Hamilton and the Branans allege breach of contract and bad faith breach of contract, respectively. The fifth claim for relief asserted by Greystone Construction, Hamilton and the Branans alleges a violation of the Colorado Consumer Protection Act, C.R.S. §§ 6-1-105 and 113.

On September 17, 2007, Plaintiffs Greystone Construction and Hamilton filed a Motion to Compel (doc. #37) arguing that Defendant National Fire's responses to their Interrogatory Nos. 13, 14, and 15 were evasive or incomplete. The instant Motion for Stay only implicates Interrogatory No. 15., which asks: "[i]n addition to the *Giorgetta* lawsuit, please identify all insurance department complaints and lawsuits made against National Fire in the past 5 years for denying its insureds a defense in a construction defect case." Defendant's verbatim response states:

> **RESPONSE**: Objection is made to this request to the extent it is overly broad, unduly burdensome and oppressive. Objection is made to the phrase "construction defect" as vague and ambiguous. Moreover, objection is made to the extent this request is not reasonably calculated to lead to the discovery of relevant information, and the request seeks information which may be attorney-client privileged, protected by the work-product doctrine, and confidential or proprietary to National Fire or other insureds. Discovery regarding other claim files is irrelevant to National Fire's handling of these claims, as National Fire handles each claim based on its own unique facts, circumstances, and policy language. In the

> event this discovery is allowed into evidence at trial, National Fire would be forced to defend its handling of each and every complaint referred to by Plaintiffs. Such a scenario would unduly complicate this case and confuse the issues at trial. Moreover, such evidence would unnecessarily increase the length of trial as National Fire would have to call the employees or former employees who handled each separate complaint to defend his or her actions with respect to same.
>
> Moreover, the task of gathering all documents responsive to this request would be an enormous undertaking, the utility of which would be far outweighed by its extraordinary cost. Any attempt by National Fire to compile this information would likely yield many claims which would be wholly unrelated to the issues in this case; or, National Fire would have to search claim files by hand to be certain all responsive files were located and the responsive information was culled from those files.

*See* Exhibit 1, pp. 12-13, attached to Plaintiffs' Motion to Compel. I denied the Motion to Compel, without prejudice, on September 19, 2007 based upon Plaintiffs' failure to comply with my individual practice standards.[2]

This court addressed the parties' discovery dispute during an in-court status conference on October 9, 2007. With regard to National Fire's response to Interrogatory No. 15, the court made the following observations:

> The problem is, all of that was pure boilerplate. You're tell me – Counsel, you're telling me and you're objecting on the grounds that this is unduly burdensome. You've offered no factual support for that boilerplate objection, and that is wholly inconsistent with case law. The case law says that if a party is objecting to an interrogatory on the grounds that it is unduly burdensome, it is the obligation of the objecting party to come forward with specific facts to support that objection. You did not.

---

[2]For the last several years, my practice standards have precluded a party from filing an opposed discovery motion without, first, fully complying with D.C.COLO.LCiv.R 7.1A and then participating in an on-the-record telephone conference with opposing counsel and the court. I have found in the past that a telephone conference with counsel very often will resolve the discovery dispute and obviate the need for a written motion. *See* American Bar Association, *Civil Discovery Standards*, at 7-11 (August 2004) (suggesting that the court "should hear and decide discovery disputes as soon as reasonably possible after they arise" and "should consider ways to resolve these disputes that do not require a formal written motion or in-person hearing").

> Moreover, the case law is clear that a party has to answer an interrogatory to the extent that the answer is – interrogatory is not objectionable. You've provided no information at all. Even if you were objecting to, say, five years, I think you had an obligation to behave and act in a reasonable manner and provide some information. You provided none except a bunch of gratuitous objections. This is discovery. What burdens may or may not exist at trial are absolutely irrelevant to the decision that this Court has to make with respect to [Rule] 26(b)(1). That was an absolutely gratuitous and unpersuasive objection, and I find specifically that you've waived all those objections.
>
> . . . even if your client was inclined to draw the distinction between Colorado and nationwide, you could have done that in answering. You could have said, I object to this interrogatory to the extent it seeks nationwide. I will provide the information related to Colorado. Instead, you just did this blanket objection and made no attempt to interpret it and construe that interrogatory in a reasonable manner . . .

*See* Transcript of Proceedings on October 9, 2007, at 21 and 22. At the conclusion of the October 9, 2007, hearing, this court directed Defendant to supplement its response or otherwise fully answer Interrogatory No. 15 on or before October 19, 2007.

On October 19, 2007, pursuant to Fed.R.Civ.P. 72(a), Defendant National Fire filed an Objection (doc. # 49) to my October 9, 2007 Order compelling a response to Plaintiffs Greystone Construction and Hamilton's Interrogatory No. 15. Defendant's Objection argues that

> 1) the authority is clear that "other insureds" information is not discoverable; 2) the burden imposed upon National Fire in responding is undue and unjustified; 3) if the Court orders production, it must be limited to responsive documents in Colorado because Colorado does not have the power to regulate conduct in other states by its consumer protection statute or common law on the tort of bad faith.

*See* Defendant's Objection to Magistrate Judge's October 9, 2007 Order, at 3-4. Plaintiffs Greystone Construction and Hamilton filed their Response to Defendant's Objection (doc. # 50) on October 29, 2007.

The court held a telephone hearing on February 26, 2008, to address a Motion for

Extension of Expert Endorsement Deadlines (doc. # 85) filed by Plaintiffs Greystone Construction, Hamilton and American Family Mutual Insurance Company. In the context of discussing the requested extension of pretrial deadlines, the court alluded to the pending Objection filed by National Fire and raised, *sua sponte*, the issue of whether National Fire was in violation of my October 9, 2007 Order by failing to provide the required supplement discovery response in the absence of any stay of that compliance obligation.[3] In light of that observation, National Fire filed the instant Motion for Stay on February 29, 2008.

**ANALYSIS**

Defendant's Motion for Stay concedes the applicability of D.C.COLO.LCivR 30.2B, which provides that "[t]he filing of an objection, pursuant to Fed.R.Civ.P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the order is directed." While that Local Rule only came into effect on January 1, 2008, its underlying principle has been recognized and upheld in numerous earlier decisions, both in the District of Colorado and elsewhere. As noted in *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001), "sound policy" dictates against any automatic stay of discovery in the event that a party files a Fed.R.Civ.P. 72(a) objection to discovery ordered by a magistrate judge.

> Otherwise, . . . parties could use the objection process simply as a device to further delay discovery and to derail the preparation of a case for trial, regardless of the merits of the objection. Such misuse of the objection process would further burden district judges and, in this time of congested dockets, enormously delay bringing cases to trial.

---

[3]Defendant National Fire points out that Plaintiffs made no attempt to seek relief from the court after October 19, 2007 passed without the required supplemental response to Interrogatory No. 15. *See* Defendant's Motion for Stay, at 4. While I am at a loss to explain that oversight, it cannot excuse National Fire's independent failure to comply with my October 9, 2007 Order and the prevailing case law.

*See, e.g., Tolliver v. True*, 2007 WL 1306459, *2 (D. Colo. 2007), *certificate of appealability denied*, 2007 WL 1707332 (D. Colo. 2007); *American Rock Salt Company, LLC v. Norfolk Southern Corp.*, 371 F. Supp.2d 358, 360-61 (W.D.N.Y. 2005); *Housing Rights Center v. Sterling*, 2004 WL 3610228, *2 (C.D. Cal. 2004); *Litton Industries, Inc. v. Lehman Brothers Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). Given that Defendant National Fire was required to supplement its discovery responses on or before October 19, 2007, and only moved to stay the effect of that Order on February 29, 2008, the pending motion is denied as untimely. *See In re Lernout & Hauspie Securities Litigation*, 219 F.R.D. 28, 30 (D. Mass. 2003) (in denying as untimely a motion to stay discovery during the pendency of a Rule 72(a) objection, noted that "it is improper (and, indeed, probably contumacious) to fail to comply with the Order and not to seek a stay at a time reasonably in advance of the time for compliance"). *Cf. Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (held that party cannot ignore available discovery remedies for months and then seek relief from the court).

Apart from any issue of timeliness, I have also analyzed Defendant's Motion for Stay under the "good cause" standard enunciated in Local Rule 30.2B. In the context of that Local Rule, I conclude that the "good cause" standard turns, in large part, upon the merits of the original objections or discovery response. I find that National Fire's Motion for Stay should be denied on that ground as well.

A careful reading of the October 9, 2007 transcript makes clear that National Fire was ordered to supplement its response to Interrogatory No. 15 based upon the patent deficiencies in

7

its original objections. At the time of the hearing, Fed.R.Civ.P. 37(a)(3)[4] mandated that "an evasive or incomplete" discovery response should be treated as a failure to respond. It is difficult to characterize National Fire's response to Interrogatory No. 15 as anything but "evasive" and "incomplete."

In truth, National Fire offered nothing more than boilerplate objections in response to Interrogatory No. 15. *Cf. McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (the party resisting discovery "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive") quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3rd Cir. 1982); *Grider v. Keystone Health Plan Central, Inc.*, 2007 WL 2874423, *4-5 (E.D. Pa. 2007) (held that defendants had violated Fed.R.Civ.P. 26(g) and 37 by interposing general boilerplate objections to discovery requests). Generalized objections that a discovery request is vague, overly broad or unduly burdensome are not acceptable and should be overruled. *American Rock Salt Co., LLC v. Norfolk Southern Corp.*, 228 F.R.D. 426, 432 (W.D.N.Y. 2004). *Cf. Athridge v. Aetna Casualty and Surety Co.*, 184 F.R.D. 181, 190-91 (D.D.C. 1998) (holding that general boilerplate objections are ineffective).

While Defendant objected to the disputed interrogatory as "unduly burdensome," it's original response offered little more than generalities unsupported by specific facts. The interrogatory response simply proffered the unsubstantiated assertion that "the task of gathering all documents responsive to this request would be an enormous undertaking, the utility of which

---

[4]This same provision has been incorporated in Fed.R.Civ.P. 37(a)(4) which became effective on December 1, 2007. For purposes of this Order, I have cited to the Federal Rules of Civil Procedure in effect on October 9, 2007.

would be far outweighed by its extraordinary cost." This generalized statement is insufficient to sustain Defendant's claim of undue burden or to avoid the obligation to provide a narrative response. *See Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (to support an objection on the basis of burdensomeness, generalized assertions are inadequate; the objecting party must particularize the bases for the objection); *Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) (party objecting on grounds of "burdensomeness" must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence). *See also Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997) ("the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining and supporting its objections)  "By making overly general assertions of undue hardship, [Defendant] cannot avoid complying with plaintiffs' discovery requests." *Schaap v. Executive Industries, Inc.*, 130 F.R.D. 384, 387 (N.D. Ill. 1990). Again, "[b]oilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

Defendant's Motion for Stay makes a belated attempt to bolster the earlier claim of undue burden by offering an affidavit executed by National Fire's Associate General Counsel. According to the affiant, National Fire maintains a nationwide record of insurance department complaints, but does not organize those complaints by policy or complaint type. National Fire apparently does not maintain a nationwide list of lawsuits brought against the company. The Associate General Counsel states that

> the task of responding to Plaintiff's interrogatory would require two or three days

9

> of time from an IT person along with another four to six days of time from a National Fire staff attorney. The project would include the creation of a new computer program for searching National Fire's claim database along with associated copying and file retrieval costs. . . . Requiring National Fire to expend the resources necessary to answer the interrogatory before the Court has an opportunity to decide whether the burden is undue would defeat the purpose of the Rule 72(a) Objection, which is to save the undue expense and burden of responding in the first place.

*See* Exhibit D attached to Defendant's Motion for Stay.

As a threshold matter, I find that National Fire's factual proffer is untimely and does not revive an objection that National Fire effectively waived with its woefully inadequate original response. *Cf. Safeco Ins. Co. v. Rawstrom*, 183 F.R.D. 668 671-72 (C.D. Cal. 1998) (holding that objections not interposed in a timely initial response are waived even if the objections are contained in a later untimely response, absent a showing of good cause).

Beyond that procedural hurdle, National Fire's affidavit does not demonstrate "undue" burden. The fact that Defendant maintains records in different locations, utilizes a filing system that does not directly correspond to the subjects set forth in Plaintiffs' interrogatory, or that responsive documents might be voluminous would not suffice to sustain a claim of undue burden. *Cf. Caterpillar, Inc. v. Detroit Diesel Corp.*, 1997 WL 33165848, *4 (N.D. Ind. 1997). *See also Simon v. Pronational Insurance Co.*, 2007 WL 4893477, *2 (S.D. Fla. 2007) (in granting plaintiff's motion to compel documents regarding similarly situated policy holders over a six-year period, held that defendant's claim of undue burden was insufficient to preclude production; noted that a company cannot sustain a claim of undue burden by citing deficiencies in its own filing system); *Kelly v. Montgomery Lynch & Associates, Inc.*, 2007 WL 4412572, *2 (N.D. Ohio 2007) (in granting plaintiff's motion to compel, rejected defendant's claim of undue burden,

notwithstanding defendant's proffer that its "filing system is not maintained in a searchable way and the information sought would require 'manually searching through hundreds of thousands of records'").

National Fire's belated offer of partial production only further demonstrates the deficiencies in Defendant's initial interrogatory response. *See* Defendant's Motion for Stay, at 4. *Cf. Burton Mechanical Contractors, Inc. v. Foreman*, 148 F.R.D. at 233 (calling into question a party's claim of undue burden when that party is later able to provide an answer). Rule 33(b) requires that an interrogatory must be answered "to the extent" it is not objectionable. *See Doe v. National Hemophilia Foundation*, 194 F.R.D. 516, 520 (D. Md. 2000) (although the court acknowledged that plaintiff's discovery requests could be narrowed significantly to refine their substance and time frame, defendant could not simply respond with general objections; Rule 33 requires a responding party to specify its grounds for objection and "to answer to the extent the interrogatory is not objectionable"). Even if National Fire had a well-founded objection to producing responsive information on a nationwide basis, that objection could not absolve Defendant of its responsibility to provide properly discoverable information specifically related to Colorado complaints and lawsuits.[5] *Cf. Markman v. National States Ins. Co.*, 122 Fed. Appx.

---

[5]It bears noting that Fed.R.Civ.P. 26(b)(1) permits discovery of non-privileged information relevant to claims or defenses, which would include discovery "reasonably calculated to lead to the discovery of admissible evidence." The Advisory Committee Notes to the 2000 Amendments to Rule 26(b)(1) acknowledge that

> A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defense raised in a given action. For example, other incidents of the same types, or involving the same product, could be properly discoverable under the revised standard.

Given that construction of Rule 26(b)(1), National Fire's refusal to provide *any* requested

11

392, 397-98 (10th Cir. 2004) (in a case asserting a claim for bad faith breach of an insurance policy, found no abuse of discretion in allowing the admission of evidence showing that defendant had rescinded 1,232 policies in the previous four and one-half years); *Vista Resorts, Inc. v. Goodyear Tire & Rubber Co.*, 117 P.3d 60, 66 (Colo. App. 2004) ( in an action asserting a claim under the Colorado Consumer Protection Act, held that the trial court did not err in permitting plaintiff to introduce evidence of approximately 950 complaints directed against the product at issue), *cert. denied*, 2005 WL 1864133 (Colo. 2005). Here, National Fire's initial interrogatory response refused to produce *any* information, in part, because it claimed that *any* production would impose undue burdens. In light of National Fire's more recent offer of compromise, it would appear that the initial claim of undue burden either violated the certification requirement of Rule 26(g)(2) or the literal language of Rule 33(b).

National Fire also objected to Interrogatory No. 15 as vague and ambiguous based on the phrase "construction defect." Even if I were inclined to accept that argument, it would not excuse Defendant's failure to provide any substantive response. *Cf. Stoldt v. Centurion Indus. Inc.*, 2005 WL 375667, *2 (D. Kan. 2005) ("[a] party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories"); *King-Hardy v. Bloomfield Board of Education*, 2002 WL 32506294, *5 (D. Conn. 2002) (holding that discovery requests must be given a reasonable construction, rather than straining to find ambiguity where there is none); *Adolph Coors Co. v. American Insurance Co.*, 164 F.R.D. 507, 518 (D. Colo. 1993) (expressing the view that in responding to discovery

---

information in response to Interrogatory No. 15 is perplexing.

12

requests, a responding party is "obligated" "to put the collective heads of its lawyers and agents together, . . . to give those requests a reasonable construction").

National Fire also objected to Interrogatory No. 15 on the ground that it sought "information which may be attorney-client privileged, protected by the work-product doctrine, and confidential or proprietary to National Fire or other insureds." I confess that it is difficult to understand how a request to identify insurance department complaints and lawsuits "made against National Fire . . . for denying its insureds a defense in a construction defect case" would be encompassed by the attorney-client privilege or the work product doctrine. Certainly a list of public court filings would not be entitled to the protections afforded by these privileges. *See Aull v. Cavalcade Pension Plan,* 185 F.R.D. 618, 624 (D. Colo. 1998) (a document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential). Even if the requested information could be considered confidential or proprietary, that characterization would not take the interrogatory outside the scope of permissible discovery under Fed.R.Civ.P. 26(b)(1) (a party may obtain discovery regarding any matter "not privileged" that is relevant to the claim or defense of any party). *See also Lobato v. Ford*, 2007 WL 3342598, *4 (D. Colo. 2007) ("the protection for privileged information afforded by Rule 26(b)(1) does not extend to 'confidential' information").

Finally, National Fire objected to Interrogatory No. 15 on the ground that if "this discovery is allowed into evidence at trial, National Fire would be forced to defend its handling of each and every complaint referred to by Plaintiffs. Such a scenario would unduly complicate this case and confuse the issues at trial." Defendant's doubts as to the admissibility of evidence at trial

13

could not override its obligation to produce information in response to a discovery request. *Cf. HCA-Healthhone LLC v. Susan Lou Sparks Trust*, 2007 WL 781570, *1 (D. Colo. 2007) ("admissibility is not the standard for determining relevance during discovery").

The court has provided this lengthy critique of Defendant's response to Interrogatory No. 15 because it bears on the issue of "good cause" for purposes of Local Rule 30.2B. Defendant and their counsel, both in-house and retained, have an obligation to participate in good faith throughout the discovery process. *Cf. Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) ("The discovery process is subject to the overriding limitation of good faith. Callous disregard of discovery responsibilities cannot be condoned.'); *Trading Technologies International, Inc. v. eSpeed, Inc.*, 2006 WL 2506293, *1 (N.D. Ill. 2006) (noting that "the discovery process depends upon the good faith of the parties and their counsel"). *See also* Fed.R.Civ.P. 26(g)(2) (in signing a discovery response or objection, counsel is certifying, to the best of the attorney's knowledge, information and belief, that the response or objection is "consistent with [the Federal Rules of Civil Procedure]" and is "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").

Defendant's original response to Interrogatory No. 15 was patently deficient in a number of ways. Consistent with Rule 37(a)(3), I treated National Fire's evasive or incomplete response as a failure to respond, and required Defendant to provide the requested information on or before October 19, 2007. Defendant failed to comply with that Order and also failed to file a timely motion to stay the effect of my Order. In sum, the arguments advanced in support of the Motion for Stay are no more persuasive than Defendant's original objections and certainly do not

demonstrate good cause for any further delay in Defendant's compliance with the discovery obligations imposed by the Federal Rules of Civil Procedure and well-established case law.

ACCORDINGLY, this court will GRANT Defendant National Fire's Motion for Leave to file Reply in Support of Motion for Stay (doc. # 98). The court will DENY Defendant National Fire & Marine Insurance Company's Motion for Stay Pending Rule 72(a) Objection to Magistrate Judge's October 9, 2007 Order Compelling Response to Interrogatory (doc. # 94) as untimely. This court further finds that Defendant National Fire's Motion fails to establish the requisite good cause for the requested Stay. In light of the latter rulings, Defendant National Fire is hereby ORDERED to serve a response to Plaintiff Greystone's Interrogatory No. 15 that fully complies with Fed.R.Civ.P. 26(g) and 33 within ten (10) days of this Order.

DATED at Denver, Colorado, this 21st day of March, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge